**YOUNG AMERICANS FOR FREEDOM, INC., Plaintiff,**

v.

**Dean RUSK, Individually and as Secretary of State, Defendant.**

**Civ. A. No. 683–62.**

United States District Court

District of Columbia.

May 7, 1962.

Thomas M. O'Malley, Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty., Joseph M. Hannon, Asst. U. S. Atty., and Gil Zimmerman, Sp. Asst. U. S. Atty., Washington, D. C., for defendant.

McGUIRE, Chief Judge.

This complaint for declaratory judgment carries within itself the fatal seeds of its own destruction. In paragraph IV, the fifth sentence, it states with reference to the plaintiff:

"The plaintiff then commenced an advertising program publicizing Mr. Tshombe's appearance and many tickets have been sold to persons on the representation that President Tshombe would be a guest. Mr. Tshombe, on January 19, 1962, filed an application for a visa to visit the United States for the purpose of attending the aforementioned rally."

Mr. Tshombe filed the application for a visa. In the prayers for relief it says, in No. 1:

"That the plaintiff has a right to have a determination made by the Secretary of State on the application for visa filed by President Moise Tshombe on February 3, 1962."

The plaintiff has no such right whatsoever, either in fact or in law. The application was filed by Tshombe and if there are any rights at all in the picture, they are Tshombe's rights and not the plaintiff's. The plaintiff cannot assume agency in the situation, either.

The other aspect of the matter is that this is a suit against the government. It is a suit to compel action by the Secretary of State and it is an intrusion also into the political field of gov-

ernment and certainly this Court, and no other Court that operates under the aegis of the tripartite division of government, has any authority to enter into that picture at all. The Government, apart from that, has not consented to the suit.

 In addition to that, I think it is perfectly clear and plain, under decided cases, before you can invoke the right of declaratory judgment, so-called, plaintiff must have standing to sue. It made its contract with Tshombe. It assumed Tshombe could come here. Tshombe cannot come and so the plaintiff feels, under the circumstances, that therefore *its* rights have been prejudiced.

The whole business of right, in circumstances such as that particularly in relation to standing to sue, has been hitherto decided by the Supreme Court.[1]

 The interest must be a real one and there must be threat with special injury, and a direct threat. There must be a violation of some legal right. It must be a tortious invasion of a legal right arising out of a contract founded on statute or otherwise. That situation does not exist here and so, therefore, this matter is dismissed *sua sponte*.

---

1. See generally: Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1948); Ashwander et al. v. Tennessee Valley Authority, 297 U.S. 288, 318, 56 S.Ct. 466, 80 L.Ed. 688.